TIMOTHY COURCHAINE
United States Attorney
District of Arizona
GAYLE L. HELART
California State Bar No. 151861
Email: Gayle.Helart@usdoj.gov
PATRICK CHAPMAN
Arizona State Bar No. 025407
Email:  Patrick.Chapman@usdoj.gov
Assistant United States Attorneys
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone:  602-514-7500
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                    Plaintiff,<br><br>          vs.<br><br>1.   Varsha Patel, and<br><br>3.   Sarang Hospitality LLC, aka Royal Inn,<br><br>                    Defendants. | No. 2:24-cr-01529-SMB<br><br>**GOVERNMENT'S SENTENCING<br>MEMORANDUM** |

The United States, by and through undersigned counsel, submits its sentencing memorandum in anticipation of the sentencing hearing currently scheduled for February 4, 2026.   The government is in receipt of the Draft Presentence Investigation Reports for Defendants Varsha Patel and Sarang Hospitality LLC (Sarang).

The government agrees with the calculation for Varsha Patel of a Criminal History Category I, a final adjusted offense level of 10, and an advisory range of 6 – 12 months' imprisonment and up to three years' supervised release.  The government further agrees with the calculation for Sarang of 1 – 5 years' probation and a fine set at an amount sufficient to divest the organization of all net assets.

The  government  acknowledges  the  probation  officer's  recommendation  of  five

years' probation for Varsha Patel, and a terminal disposition following sentencing with no probation for Sarang, as it is not expected to continue operating.

The parties stipulated to a sentence of five years' probation for Varsha Patel, with a provision that she not own, operate, or manage any motel or hotel business while on probation. She is to seek permission from her probation officer if she wants to work or volunteer at a motel/hotel. She is agreeing to forfeit the Royal Inn property, $457,250 from a safe deposit box, $30,000 from another safe deposit box, and other funds and jewelry located at the places listed in the presentence report. For Sarang, the parties agreed to a money judgment in the amount of $1,525,619.

The government respectfully requests this Court accepts the parties' negotiated pleas for both Varsha Patel and Sarang. The finality of the cases, where Varsha Patel can voluntarily, knowingly, intelligently enter into plea agreements for both herself and her business, serves a significant value for the community and will result in a substantively reasonable sentence providing appropriate punitive measures and deterrence.

### Relevant Facts

The investigation involving Varsha Patel and Sarang, dba the Royal Inn, began in February 2023 and targeted the Royal Inn, a 23-room motel located at 2510 W. Palo Verde, Phoenix, Arizona 85017. The location is near 27th Avenue and Bethany Home Road. The investigation was a joint effort between the Phoenix Police Department and FBI and focused on the motel's well-known, continuous, and voluminous drug dealing, drug using, and prostitution activity by its patrons.

For years before the investigation began, Phoenix Police Department officers had handled hundreds of calls involving people at the Royal Inn dealing drugs, using drugs, engaging in prostitution, and other crimes attendant to these activities (assaults, disorderly conduct, theft…etc.). The Phoenix Police Department gave friendly but firm warnings to the management, which included one to Varsha Patel on June 12, 2023, to fix the problems. The Phoenix Police Department also offered suggestions such as fencing, requiring verified identification and credit card payments (not cash), and proactively calling the police when

2

there was a problem.  Officers pointed out during these notifications that the business could be shut down.  Any warnings were acknowledged in words only because the problem only grew worse with time. The neighborhood around the Royal Inn, comprised of homes, business owners, and two nearby K – 8 schools, were exasperated by what they witnessed on a daily basis.

Sarang was the entity that owned the Royal Inn. The sole owner was Varsha Patel. On November 7, 2012, Varsha Patel registered Sarang as a Limited Liability Corporation with the State of Arizona and listed herself as the only member of the LLC.

Varsha Patel is married with an adult daughter. She lived in California during the time of these events.  She was rarely seen at the Royal Inn generally and never seen during the investigation.

The day-to-day manager of Royal Inn, Nilam Patel, was a family member (sometimes referred to by witnesses as a cousin). Nilam Patel lived at the Royal Inn (within living quarters, not a room) along with her parents. Nilam Patel rented rooms, interacted with motel patrons, and walked the premises frequently monitoring the parking lot traffic and the number of people in and around rooms. As such, she was seen consistently at the premises throughout the investigation.

The 18-month investigation focused on what was happening at the Royal Inn and identifying the responsible parties.  The investigation included:  (1) a proactive component with undercover detectives posing as a sex worker, sex buyers, and drug buyers and who interacted with Nilam Patel; (2)  gathering witness statements and statistics from past police contacts relating to the criminal violations; (3) a 24/7 pole camera placed to watch the Royal Inn; and (4) a financial investigation looking at 15 bank accounts whose account holders included Varsha Patel, her husband, her daughter, and Nilam Patel.  Generally, the money from the room rentals funded an account that was in the name of Sarang Hospitality. The Sarang Hospitality account funded the 14 other accounts.

The investigation showed that the Royal Inn increased, facilitated, and even participated in the criminal activity in the surrounding area. This was because: (1) the Royal

Inn was conveniently located two blocks from "the blade," the high area of prostitution in Phoenix generally on 27th Avenue between Bethany Home Road and Indian School Road. The Royal Inn was accessible to sex workers and buyers by walking, enabling sex workers to flip clients efficiently; and (2) Nilam Patel knowingly rented rooms to sex workers, sex buyers, and other criminal participants. She also warned patrons of police presence and even offered to help one undercover officer obtain a prostitute.

The business model was that Nilam Patel charged $180 – $220 per room per night and seemingly did not allow legitimate patrons to stay. This was in contrast to a more accurate market value of a rental rate of $60 – $80 per room each night that this location and property would garner. The criminal participants paid the higher rental rates because of the convenience to the blade and the protection from law enforcement that Nilam Patel and the Royal Inn offered.

The financial benefit to Nilam Patel and Varsha Patel was evident from the bank account activity. Varsha Patel, her husband, her adult daughter, Nilam Patel, and Nilam Patel's parents, did not appear to have any legitimate source of income during the relevant time in the investigation. Thus, the proceeds from the Royal Inn comfortably supported six adults. Investigators did not see extravagance in the form of expensive cars, homes, or other things often seen in cases involving illegal income; however, illegal income did pay the mortgage of the Royal Inn, the mortgage of Varsha Patel's home in California, vehicles, and all usual living expenses. Varsha Patel is agreeing to forfeit funds from two CDs and seven bank accounts, and cash from two safe deposit boxes and at the Royal Inn.

Due to the investigative efforts, a search warrant was executed on September 24, 2024. The Royal Inn building was shuttered that day and has been since. The United States Marshals Service has overseen the closure and security of the Royal Inn and will be coordinating the sale of the property.

The community members, who suffered daily from the stress and blight of scantily dressed sex workers, sex buyer traffic, drug dealers and users, and other attendant crime, have expressed overwhelming relief. Their reaction demonstrated the importance of this

prosecution, which sought to shut down the Royal Inn, regardless of sentencing outcomes. These community members are again embracing a life where they no longer need to encounter hostility from those committing criminal acts and loitering on their personal properties. Parents do not need to answer questions from their children why women are barely clothed near their schools. Teachers can conduct class with the blinds open. Business owners are enjoying receiving patrons who are not hesitant to come because of the criminal elements.

### Discussion

The district court may consider without limitation, any information concerning the background, character, and conduct of the defendant, unless otherwise prohibited by law. U.S.S.G. § 1B1.4; *United States v. Boykin*, 785 F.3d 1352, 1363 (9th Cir. 2015) (appellate court rejecting defendant's argument that his criminal history was overstated and affirming district court's assessing points and considering prior vandalism and disturbing the peace convictions).  A district court's sentencing decisions are reviewed under the abuse of discretion standard.  *United States v. Dibe*, 776 F.3d 665, 669 (9th Cir. 2015).

This Court will first correctly calculate the advisory sentencing guidelines, treat the guidelines as advisory, consider the § 3553(a) factors, choose a sentence that is not based on clearly erroneous facts, adequately explain the sentence, and not presume that the guidelines range is reasonable.  *United States v. Apodaca*, 641 F.3d 1077, 1081 (9th Cir. 2011).  A sentence is substantively reasonable if it is sufficient, but not greater than necessary, to accomplish sentencing goals.  *United States v. Thompson*, 130 F.4th 1158, 1164 (9th Cir. 2025).

The Ninth Circuit has upheld sentences of probation as substantively reasonable.  In *United States v. Edwards*, 595 F.3d 1004, 1018 (9th Cir. 2010), a sentence of five years' probation on both counts involving his bankruptcy fraud, plus restitution and a fine, was held to be substantively reasonable even though the advisory guidelines calculated at 27 – 33 months, when the sentencing court considered the § 3553(a) factors and showed its decision rested on a reasoned basis.  In *United States v. Whitehead*, 532 F.3d 991, 993 (9th

Cir. 2008), a sentence of probation for defendant's conviction of selling over $1 million worth of counterfeit access cards for satellite television was held to be substantively reasonable, even though the advisory guidelines calculated at 41 – 51 months, when the sentencing court also included 1000 hours of community service, ordered $50,000 restitution, and considered the mitigating factors presented. Indeed, the Supreme Court has stated, "It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Pepper v. United States*, 562 U.S. 476, 487 (2011).

### *Varsha Patel's Acceptance of Responsibility*

In this case, the government respectfully requests this Court accept the parties' plea agreement for Varsha Patel, which calls for a sentence of five years' probation, forfeiture of the Royal Inn building, and forfeiture of other funds. The government supports a sentence of probation given the more elevated and substantive way that Varsha Patel engaged in negotiations early in the process, which has not only saved the government significant resources but also allowed the government's forfeiture process to work more quickly.

The search warrant was executed on September 24, 2024. The government did not realize that Varsha Patel and Nilam Patel were each on a preplanned trip out of the United States to India until about a day before the planned time of the search warrant. The government has no evidence that either woman knew about investigation and search warrant, or that either left the United States because of the investigation. Despite the timing, Varsha Patel retained current defense counsel while in India to work with the government on a resolution. Varsha Patel also consented that defense counsel would represent Sarang's interests. Because Varsha Patel was the sole member of Sarang, the government had the appropriate person to negotiate the forfeiture of the business quickly and efficiently. Simply put, this motel needed shut down and has now been shut down. Varsha Patel's willingness to engage in negotiations through counsel, which included her voluntary return

to the United States, has been the primary factor allowing significantly quicker progress.

### Nature and Circumstances of the Offense

The nature and circumstances of the offense included rampant criminal activity surrounding the Royal Inn that went unabated despite repeated efforts of the Phoenix Police Department. These efforts included countless arrests and direct contact with the management of the Royal Inn.  Nearly all of the face-to-face interactions about fixing the problems occurred with Nilam Patel.  On June 12, 2023, however, Phoenix Police specifically notified Varsha Patel through a telephone call and a later follow up letter personally served to her at her home in California. One family member of Varsha Patel has also relayed that she (Varsha Patel) knew of the past police notifications and problems of her business. The reasonable conclusion is that the Royal Inn business was the easy cash cow funding the lives of six adults.   It was clear in the investigation that all warnings by police were ignored, and the risk / reward calculation decision was to continue the flow of illegally supplied money. Every day that the Royal Inn operated was to the detriment of the surrounding community.

### History and Characteristics of the Defendant

Varsha Patel has no criminal history.  She has a chronic medical condition for which she receives treatment.  She was not the Phoenix day-to-day manager dealing with and renting to people whose own livelihoods were pimping and prostitution. A term of probation will address the main sanction that the government is requesting, that Varsha Patel not be involved in operating or working for any motel business. Varsha Patel has agreed to forfeit her business, which is significant.

### The Need to Reflect the Seriousness of the Offense and Promote Respect for the Law

The plea agreement for Varsha Patel reflects the seriousness of the offense because she is agreeing to forfeit the Royal Inn, her source of income for over a decade.  This plea agreement and conviction also serves as the tangible consequence that the Phoenix Police Department continually warned the Royal Inn stakeholders about.  It has now happened as the business was shut down. The property will be sold in the near future. People in the

community can see this example, which is significant because the Royal Inn was infamous for its criminal activities, through the internet, social media, and word of mouth amongst sex workers.

### *General and Specific Deterrence*

The plea agreement promotes specific deterrence in that Varsha Patel will be prohibited from working in the hotel / motel industry during the time she is on probation. She is also losing her business, real property, and significant assets because she and other Royal Inn stakeholders refused to operate the business legally.

This plea agreement also promotes general deterrence because there are other motel and hotel businesses that cater to and allow criminal activities similar to those that occurred and were promoted at the Royal Inn. It is the hope of the government that at least some people will make a different choice than subjecting themselves to their property being forfeited and a criminal conviction.

### CONCLUSION

The government requests this Court accept the parties' plea agreement and sentence Varsha Patel to a term of probation of five years, ordering that she not operate or be employed with a motel or hotel business during that time, and approve the forfeiture that the parties have agreed on. This is a substantial sentence for the defendant who lived out of state. The sentence also achieves the goal of the investigation, which was to close the Royal Inn. That alone has had an immeasurable effect on the surrounding community.

Respectfully submitted this 22nd day of January, 2026.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona


*s/Gayle L. Helart*
GAYLE L. HELART
PATRICK CHAPMAN
Assistant U.S. Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that on this same date, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant:

*Matthew Jacobs*
*Attorney for defendant.*


 *s/ C. Covington*
U.S. Attorney's Office